IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLER BRUCE WAYNE,<br><br>Petitioner,<br><br>vs.<br><br>BOARD OF DIRECTORS OF THE CITY AND COUNTY OF SAN FRANCISCO CA,<br><br>Respondent.<br>_____/ | 1:13-cv-01125-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |

Petitioner, an inmate of the Coalinga State Hospital in Coalinga, California, is proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges his custody related to commitment proceedings for potentially sexually violent predators undertaken pursuant to Cal. Welf. & Inst. Code § 6600 in the Superior Court of the State of California, County of San Francisco.

With respect to the venue of this action, the Court notes that 28 U.S.C. § 2241(d) provides as follows which respect to venue, jurisdiction, and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

Where an application for a writ of habeas corpus is made by a person in

> custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Here, although Petitioner is housed in the Coalinga State Hospital, which is situated within the territorial boundaries of the Fresno Division of the Eastern District of California, Petitioner is challenging his commitment proceedings, which he alleges occurred in the San Francisco County Superior Court.  In effect, Petitioner is not challenging the execution of his sentence, but rather is challenging the commitment, which in the present case is analogous with a conviction.  Thus, traditional venue considerations would support venue in the Northern District of California, where the San Francisco County Superior Court is located.  See 28 U.S.C. § 84(a).  Therefore, the petition should have been filed in the United States District Court for the Northern District of California.

In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. §§ 2241(d), 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:   July 23, 2013**                         **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE